IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS TEXARKANA DIVISION

| | |
|---|---|
| JASON WALKER § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Case No. 5:19-cv-00158-RWS-CMC |
| § | |
| SHELIA FORTE, ET AL. § | |
| § | |
| Defendants § | |

# ORDER

Plaintiff Jason Walker, an inmate proceeding *pro se* but not *in forma pauperis*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff paid the full filing fee in this case. Summons was issued on November 4, 2020 and delivered to Plaintiff. Docket No. 17. On January 29, 2021, he filed a motion for extension of time to effect service (Docket No. 21), which was granted to May 6, 2021 (Docket No. 23). On April 13, 2021, Plaintiff filed a "notice of summons mailed to defendants," consisting of four summons forms (addressed to four of the Defendants) as well as one copy of Plaintiff's complaint. Docket No. 25. The summons form addressed to Defendant Davis had the notation "mailed to defendant's current place of employment" written in Plaintiff's handwriting, although the declaration of service was not signed. *Id.* at 2. The summons forms addressed to the Defendants Sartin and Parker do not have return of service forms, while the summons addressed to the Defendant Forte is blank. *Id.* at 3–14.

After review of the record, the Magistrate Judge issued a Report recommending dismissal of the lawsuit for failure to effect service of process. Docket No. 30. A copy of this Report was sent to Plaintiff at his last known address on November 9, 2021, but no objections have been

received.  The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed.  *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 420–21 and n.9 (5th Cir. 2019).  Because no objections have been received, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions and recommendations and—except upon grounds of plain error—from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.  *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge.  Docket No. 30.  Upon such review, the Court has determined the Report of the Magistrate Judge is correct.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S. Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").  It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 30) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process.  FED. R. CIV. P. 4(m).  It is further

**ORDERED** that the statute of limitations is suspended for a period of 90 days from the date of entry of final judgment.  Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 15th day of February, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE